UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BLANCA VALENTIN,<br>    Plaintiff,<br><br>    v.<br><br>RICH PRODUCTS CORPORATION,<br>    Defendant. | No. 3:23-cv-1440 (SRU) |

### ORDER ON MOTION TO REMAND

The plaintiff, Blanca Valentin, moves to sever and remand the first, fourth, and fifth counts of this action. Doc. No. 15. For the reasons discussed below, that motion is **granted in part and denied in part**.

Valentin's complaint alleges that she was employed with the defendant, Rich Products Corporation ("Rich Products"). Doc. No. 1-1 at ¶ 4. Valentin was a Connecticut resident, and Rich Products was incorporated in Delaware. *Id.* at ¶¶ 1-2. Valentin alleges that "while in the course and scope of her work duties," she fell off a ladder and suffered injuries. *Id.* at ¶¶ 5-7. She further alleges that she requested FMLA leave from Rich Products, her application was never reviewed or granted, and Rich Products terminated her for a pretextual reason shortly after. *Id.* at ¶¶ 9-15. Valentin's complaint asserts five counts: (1) worker's compensation retaliation under Conn. Gen. Stat. § 31-290a; (2) FMLA interference under 29 U.S.C. § 2612 *et seq.*; (3) FMLA retaliation under 29 U.S.C. § 2612 *et seq.*; (4) FMLA interference under Conn. Gen. Stat. § 31-51pp; and (5) FMLA retaliation under Conn. Gen. Stat. § 31-51pp. *See generally* Doc. No. 1-1.

Valentin originally filed her complaint in state court, and Rich Products removed the case to this Court on November 1, 2023. Doc. No. 1. Now, Valentin argues that her first claim, workers compensation retaliation, is "non-removable and must be severed." Doc. No. 15 at 1.

She is correct. Valentine's worker's compensation retaliation claim arises under Connecticut's Worker's Compensation Act. *See* Conn. Gen. Stat. § 31-290a. Valentin's worker's compensation retaliation claim is therefore nonremovable pursuant to federal statute. 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."). Accordingly, Valentin's worker's compensation claim must be remanded.

The parties disagree whether this Court should exercise jurisdiction over Valentin's remaining state law claims. *See* Doc. No. 15 at 4; Doc. No. 18 at 1. As a preliminary matter, federal statute requires that this Court retain Valentin's federal claims, counts (2) and (3), notwithstanding that count (1) must be remanded. 28 U.S.C. § 1441(c); *see also Miley v. Hous. Auth. of City of, Bridgeport*, 926 F. Supp. 2d 420, 429 (D. Conn. 2013) ("§ 1441(c) expressly contemplates the exact scenario facing the Court in which a civil action contains both federal claims and non-removable claims. The . . . statute unambiguously directs the Court in such a scenario to sever from the action the non-removable claim and remand that claim back to state court."). Accordingly, this Court will retain jurisdiction over counts (2) and (3).

Counts (4) and (5) remain. Both are Connecticut FMLA claims. Even though Valentin is correct that "the Parties are necessarily bound to be litigating the case in [both] state court" and this Court, that does not mean that judicial economy is not served by this Court exercising jurisdiction over counts (2) and (3). Doc. No. 15 at 6. Although all five of Valentin's counts arise from the same incident—her fall and subsequent injury—Valentin's FMLA state and federal claims are far more related to each other than they are to Valentin's first claim. Valentin's FMLA interference claims, counts (2) and (4), both allege, *inter alia*, that Valentin was eligible for FMLA leave under federal and state law and that Rich Products interfered with her rights to

that leave. Doc. No. 1-1 at 7-9. Additionally, Valentin's federal and state FMLA retaliation claims, counts (3) and (5), both allege, *inter alia*, that Valentin engaged in a protected activity by seeking FMLA leave, and that Rich Products terminated her because she had engaged in that activity. *Id*. at 8-10. Accordingly, the *Gibbs* factors favor retention of counts (4) and (5). *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725-26 (1966) (The "power in federal courts to hear the whole . . . need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants . . . ."); *see also SST Glob. Tech., LLC v. Chapman*, 270 F. Supp. 2d 444, 456 (S.D.N.Y. 2003).

For the foregoing reasons, Valentin's motion to sever and remand is **granted in part and denied in part**. Doc. No. 15. Valentin's first count is **severed and remanded to state court**. Valentin's remaining counts, however, will proceed in this Court.

So ordered.

Dated at Bridgeport, Connecticut, this 16th day of May 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge